IN THE CIRCUIT COURT OF BOONE COUNTY, ARKANSAS
CIVIL DIVISION

JEFFERY LAUR

VS.                    CASE NO.: CV-08 2008-152-2

AMERICAN EXPRESS COMPANY

## COMPLAINT

COMES NOW the plaintiff, JEFFERY LAUR, and for his cause of action against the defendant, AMERICAN EXPRESS COMPANY, states and alleges as follows:

1.      The plaintiff states that he is resident citizen of Boone County, Arkansas; that the defendant, AMERICAN EXPRESS COMPANY, is corporation providing various credit services and doing business in Boone County, Arkansas; that this Court has jurisdiction over the parties and subject matter herein.

2.      The plaintiff states that he was the victim of identity theft perpetrated by Shana Jenson; that as a part of the "identity theft" Shana Jenson applied for and obtained a credit card and extension of credit with AMERICAN EXPRESS COMPANY in the name of the plaintiff.

3.      The plaintiff states that the defendant accepted the fraudulent and forged information submitted by Shana Jenson and opened up an account using such fraudulent information and allowed Shana Jenson to incur debt in the name of the plaintiff, without the knowledge or consent of the plaintiff.

4.      Thereafter, the perpetrator of such identity theft, namely Shana Jenson, pled guilty to a variety of criminal charges, admitting to the "identity theft" before the

1

Circuit Judge in Boone County, Arkansas. Attached hereto and made a part hereof as if set out herein word for word marked "Exhibit A" is a "Court Judgment w/ plea statement" in which the perpetrator, Shana Jenson, admitted under oath to perpetration of such frauds, providing a factual foundation, in the Circuit Court of Boone County, Arkansas accepting the plea arrangement which provided, among other things, time to be served by the perpetrator in the state penitentiary for such actions.

     5.    The plaintiff states that he, at various times, provided the information concerning the fraud which was perpetrated upon him to the defendant, AMERICAN EXPRESS COMPANY in order to correct the credit information being released to the public. Attached hereto and made a part hereof and marked "Group Exhibit B" are return receipts reflecting receipt by AMERICAN EXPRESS COMPANY of notice of the dispute, and information to support the notice of identity theft. Such information provided to the defendant at various times, included the following:

     (a)    an Affidavit by the plaintiff, swearing under oath that such identity theft took place and that the amounts alleged to be due were not incurred by him;

     (b)    a copy of the Judgment w/ plea statement identifying the perpetrator of the identity theft, supported by her sworn testimony that she perpetrated such identity theft and the Court's acceptance of this sworn testimony, requiring the perpetrator to be incarcerated in the State Penitentiary for this same identity theft;

     (c)    a newspaper article reporting the charges made against the perpetrator;

     (d)    the name and phone numbers of the prosecuting attorney prosecuting this crime and the name and phone number of the investigating police officer.

6.     The plaintiff, on his own and through counsel, wrote repeatedly to the defendant, AMERICAN EXPRESS COMPANY, requesting that the inaccurate information be removed from his credit report. The defendant provided in response, the attached "form letter" refusing to remove the information from his credit report; attached hereto and marked "Exhibit C" is a true and correct copy of the form letter provided in response to this information. It should be noted that the form letter contains no "phone number" which would allow direct contact with the AMERICAN EXPRESS COMPANY. The plaintiff, through counsel, attempted contacting AMERICAN EXPRESS COMPANY using the only phone numbers available from the sources and was directed to a call service center located in the Philippines, at which time the Plaintiff again provided the above information. The Philippine representative of AMERICAN EXPRESS COMPANY, attempted to contact the fraud center of AMERICAN EXPRESS COMPANY on behalf of the plaintiff, but was unable to do so and indicated that she was not allowed to provide the phone number for direct contact by customers to AMERICAN EXPRESS COMPANY fraud department.

7.     Although the defendant received the above information and received the plaintiff's dispute with the fraudulently established account multiple times, the defendant has continued to maintain that the plaintiff is "liable" for said amount and has provided this information to the credit reporting agencies, with knowledge that such information would be used by other potential creditors to evaluate the credit worthiness of the plaintiff. That such act of publishing false and derogatory information was done with the intent to force the plaintiff to pay the defendant amounts incurred by the perpetrator of

3

the identity theft, even with overwhelming information, sworn testimony and State Court "findings of fact" that the plaintiff was not liable on the account.

8.      The plaintiff states that he has attempted to obtain credit and has been denied credit because of these actions of AMERICAN EXPRESS COMPANY. The plaintiff, seeking to obtain financing was denied an extension of credit proximately caused by the actions of AMERICAN EXPRESS COMPANY in providing false information to the credit reporting agency and maintaining that plaintiff was responsible for payment for such account.

9.      The plaintiff states that the defendant provided a this false statement of fact, specifically that the plaintiff had established an account with the defendant that was past due and that such statement of fact was communicated to various credit reporting agencies.

10.     The plaintiff states that the statement of fact referred to in the above paragraph was false.

11.     The plaintiff states that the defendants act in providing a false statement of fact to the credit reporting agencies proximately caused harm to the plaintiff's reputation, including but not limited to, resulting in his inability to obtain "credit".

12.     The plaintiff states that the statement of fact communicated to the credit reporting agencies, which was false, specifically that the plaintiff was past due on amounts owed to it, was intentionally communicated to the credit reporting agency.

13.     The plaintiff states that the defendants "statement of fact" that the plaintiff was past due on amounts owed to the defendant was false and that the defendant failed to determine the truth of the matter.

14.     The plaintiff states that the information provided by AMERICAN EXPRESS COMPANY to the credit reporting agencies was a false statement of fact concerning the plaintiff; specifically that he was in default on payment of debt due the defendant; that the allegation that the plaintiff incurred a debt and was liable for the debt but would not pay the debt was untrue and defamatory and caused damage to his credit and embarrassment and humiliation. The defendant was negligent in failing to determine the truth of the statement prior to its publication and knew or should have known that such statement was false. The publication was the proximate cause of losses and damages to the plaintiff.

15.     The plaintiff further states that there existed a valid business expectancy of the plaintiff to enter into contracts for the purpose of operating his profession as an architect. Specifically, that the plaintiff has the expectancy he would be entitled to have and receive credit, as every other individual who makes timely payment. The defendant interfered with this expectancy with reckless disregard for the truth.

16.     The plaintiff states that the defendant is a company, in the business of providing financial assistance, with revenues in providing such financial assistance in excess of Twenty-seven Billion and 00/100 ($27,000,000,000.00) Dollars and that such sophistication and knowledge on its part imputes actual knowledge that actions taken by it would naturally result in interference with the ability to obtain credit.

17.     The plaintiff states that the defendant's actions, upon receiving information (sworn testimony, not only of the plaintiff, but testimony of the perpetrator of the fraud) defendant knew or should have known that plaintiff's information concerning the "fraud" and "identity theft" was true and that any actions to interfere with

5

the business expectancy of "credit" would reach the level of a reckless and intentional act. The intentional reporting after such information was improper interference by the defendant and induced or caused the disruption or termination of the business expectancy of the plaintiff and that the disruption of termination of this business expectancy was a proximate cause of damage to the plaintiff and that by reason thereof, the plaintiff is entitled to damages against the defendant for this interference.

18.     The plaintiff further states that the perpetrator of the fraud, namely Shana Jenson, then authorized the transfer from the plaintiff's account to the defendant, the sum of Fifty Three Thousand Two Hundred Thirty-nine & 67/100 ($53,239.67) Dollars, all without the plaintiffs knowledge.

19.     The plaintiff states that the defendant took possession of said sums and intentionally took and exercised dominion and control over the sum of Fifty Three Thousand Two Hundred Thirty-nine & 67/100 ($53,239.67) Dollars in violation of plaintiff's rights. The plaintiff was entitled to sums held in his checking account over which defendant exercised dominion and control. The plaintiff made demand for the return of such amounts and the defendant refused to return the amounts drafted from plaintiffs account. The plaintiff therefore seeks damages for the sums improperly converted by the defendant plus interest from said date of conversion.

20.     The plaintiff further states that in addition to the compensatory damages sought above for actual losses of the plaintiff, that the plaintiff seeks punitive damages to be imposed upon the defendant to deter the defendant and others similarly situated from similar conduct, and in support thereof, states that the defendant ought to have known in light of the surrounding circumstances that its conduct would naturally and probably

6

result in damage and that the defendant continued with such conduct in reckless disregard of the consequences. The plaintiff states that the defendant is a large corporation with vast resources, but chose not to implement a system or method to adequately deal with the individuals who are victims of identity theft. The defendant purposely chose to establish a system that discourages their customers from contacting the defendant or adequate methods to correct false information provided to the public. The recklessness and that the financial condition of the defendant, should be considered by the jury in establishing and assessing punitive damages as justified by the facts and evidence.

WHEREFORE, premises considered, the plaintiff, JEFFEREY LAUR, seeks compensatory damages for the reputation and standing in the community, for the mental suffering, humiliation and damaged reputation seeks judgment by reason of the defamation in the sum of Three Hundred Thousand and 00/100 ($300,000.00) Dollars; damages for the interference with the business relationship in the sum of One Hundred Fifty Thousand and 00/100 ($150,000.00) Dollars; damages for conversion in the sum of Fifty Three Thousand Two Hundred Thirty-nine & 67/100 ($53,239.67) Dollars; for punitive damages in the sum of Two Hundred Fifty Thousand and 00/100 ($250,000.00) Dollars per each publication of such false statement, and per conversion event, for attorney's fees, costs and all other proper relief to which the plaintiff may prove himself entitled.

7

JEFFERY LAUR

By: _____
J. Douglas Gramling, ABA #83075
Estes, Gramling & Estes, PLC
His Attorneys
P.O. Drawer 3883
Fayetteville, AR 72702-3883
(479) 521-4444
dgramling@nwark.com

8

Defendant's full name: SHANA MARIE JENSEN a.k.a. SHANA MARIE STRUBLE
2007-18-3

## JUDGMENT AND COMMITMENT ORDER
### IN THE CIRCUIT COURT OF BOONE COUNTY, ARKANSAS
### FOURTEENTH JUDICIAL DISTRICT  -  THIRD DIVISION

On the 18TH day of MAY, 2007, the Defendant appeared before the Court, was advised of the nature of the charge(s), of constitutional and legal rights, of the effect of a guilty plea upon those rights, and of the right to make a statement before sentencing. The Court made the following findings:

DEFENDANT'S FULL NAME:    SHANA MARIE JENSEN a.k.a. SHANA MARIE STRUBLE
DATE OF BIRTH: 07-10-1970
RACE: WHITE
SEX: FEMALE
SID #:  N/A
DEFENDANT'S ATTORNEY: MARK CASH
PROSECUTING ATTORNEY OR DEPUTY:         WES BRADFORD
CHANGE OF VENUE FROM: N/A

Defendant was represented by  private counsel

Defendant made a voluntary, knowing and intelligent waiver of the right to counsel:         NO

There being no legal cause shown by the Defendant, as requested, why judgment should not be pronounced, a judgment of conviction is hereby entered against the Defendant on each charge enumerated, fines levied, and court costs assessed. The Defendant is sentenced to the Arkansas Department of Correction (A.D.O.C.) for the term specified on each offense shown below:

---

## TOTAL NUMBER OF COUNTS: TWENTY- TWO (22)

---

Offense # ONE
A.C.A. # of Offense: 5-36-103
Name of Offense: THEFT OF PROPERTY
Seriousness Level of Offense: 5
Criminal History Score: 0
Presumptive Sentence: RCP * / AS
Sentence is a departure from the sentencing grid. YES.
Offense is a Felony.
Classification of offense:   B

Docket #: 2007-18-3
Arrest Tracking #: N/A

Sentence imposed: TWELVE YEARS IN THE ARKANSAS DEPARTMENT OF CORRECTIONS TO RUN CONCURRENTLY ON EACH COUNT AND WITH OFFENSE TWO, THE SENTENCE ON THIS OFFENSE SHALL RUN CONSECUTIVELY WITH OFFENSE THREE AND CONSECUTIVELY WITH THE CONCURRENT SENTENCES IMPOSED ON OFFENSES FOUR, FIVE, SIX, AND SEVEN. THIS SENTENCE SHALL ALSO RUN CONCURRENTLY WITH THE DEFENDANTS SENTENCE IN BOONE COUNTY CR NO 2007-19-3.
Suspended imposition of sentence: N/A
Defendant was sentenced as an Habitual Offender under A.C.A. 5-4-501, Subsection ___(a) ___(b) ___©) ___(d). N/A
Sentence was enhanced by A.C.A. _____. N/A
Defendant ___attempted ___solicited ___conspired to commit the offense. N/A
Offense date: AUGUST, 2005 THROUGH JANUARY, 2007.
Number of counts: THREE
Defendant was on ___probation ___parole at time of conviction. N/A
Commitment on this offense is a result of the revocation of Defendant's probation or suspended imposition of sentence. NO.
Victim of the offense was over the age of 18 years. YES
Defendant voluntarily, intelligently, and knowingly entered a  negotiated plea of guilty. YES
Defendant was found guilty of said charge(s) by the court, and sentenced by the court. YES

---

Page ____1____ of ___5___

Defendant's full name: SHANA MARIE JENSEN a.k.a. SHANA MARIE STRUBLE
2007-18-3

Offense # TWO
A.C.A. # of Offense: 5-36-103
Name of Offense: THEFT BY DECEPTION
Seriousness Level of Offense: 5
Criminal History Score: 0
Presumptive Sentence: RCF * / AS
Sentence is a departure from the sentencing grid. YES.
Offense is a Felony.
Classification of offense:   B

Docket #: 2007-18-3
Arrest Tracking #: N/A

Sentence imposed: TWELVE YEARS IN THE ARKANSAS DEPARTMENT OF CORRECTIONS TO RUN CONCURRENTLY ON
EACH COUNT AND WITH OFFENSE ONE. THE SENTENCE ON THIS OFFENSE SHALL RUN CONSECUTIVELY WITH
OFFENSE THREE AND CONSECUTIVELY WITH THE CONCURRENT SENTENCES IMPOSED ON OFFENSES FOUR, FIVE, SIX,
AND SEVEN. THIS SENTENCE SHALL ALSO RUN CONCURRENTLY WITH THE DEFENDANTS SENTENCE IN BOONE
COUNTY CR NO 2007-19-3.
Suspended imposition of sentence: N/A
Defendant was sentenced as a Habitual Offender under A.C.A. 5-4-501, Subsection ___(a) ___(b) ___(c) ___(d). N/A
Sentence was enhanced by A.C.A. _____. N/A
Defendant ___attempted ___solicited ___conspired to commit the offense. N/A
Offense date: AUGUST, 2005 THROUGH JANUARY, 2007.
Number of counts: THREE
Defendant was on ___probation ___parole at time of conviction. N/A
Commitment on this offense is a result of the revocation of Defendant's probation or suspended imposition of sentence. NO.
Victim of the offense was over the age of 18 years. YES
Defendant voluntarily, intelligently, and knowingly entered a negotiated plea of guilty or nolo contendere.   YES
Defendant was found guilty of said charge(s) by the court, and sentenced by the court. YES

Offense # THREE
A.C.A. # of Offense: 5-36-103
Name of Offense: THEFT BY DECEPTION
Seriousness Level of Offense: 5
Criminal History Score: 0
Presumptive Sentence: RCF * / AS
Sentence is a departure from the sentencing grid. NO.
Offense is a Felony.
Classification of offense:   B

Docket #: 2007-18-3
Arrest Tracking #: N/A

Sentence imposed: TWENTY YEARS SUSPENDED IMPOSITION OF SENTENCE TO RUN CONSECUTIVELY WITH SENTENCE
IMPOSED ON OFFENSES ONE AND TWO AND CONSECUTIVELY WITH THE CONCURRENT SENTENCES IMPOSED ON
OFFENSES FOUR, FIVE, SIX, AND SEVEN. THIS SENTENCE SHALL ALSO RUN CONCURRENTLY WITH THE DEFENDANTS
SENTENCE IN BOONE COUNTY CR NO 2007-19-3.
Suspended imposition of sentence:  TWENTY YEARS TO BEGIN UPON THE DEFENDANTS RELEASE FROM INCARCERATION.
Defendant was sentenced as a Habitual Offender under A.C.A. 5-4-501, Subsection ___(a) ___(b) ___(c) ___(d). N/A
Sentence was enhanced by A.C.A. _____. N/A
Defendant ___attempted ___solicited ___conspired to commit the offense. N/A
Offense date: AUGUST, 2005 THROUGH JANUARY, 2007.
Number of counts: ONE
Defendant was on ___probation ___parole at time of conviction. N/A
Commitment on this offense is a result of the revocation of Defendant's probation or suspended imposition of sentence. NO.
Victim of the offense was over the age of 18 years. YES
Defendant voluntarily, intelligently, and knowingly entered a negotiated plea of guilty or nolo contendere.   YES
Defendant was found guilty of said charge(s) by the court, and sentenced by the court. YES

Page  2  of  5

Pg 2

A

Defendant's full name: SHANA MARIE JENSEN a.k.a. SHANA MARIE STRUBLE
2007-18-3

Offense # FOUR                                         Docket #: 2007-18-3
A.C.A. # of Offense: 5-37-227                          Arrest Tracking #: N/A
Name of Offense: FINANCIAL IDENTITY FRAUD
Seriousness Level of Offense: 4
Criminal History Score: 0
Presumptive Sentence: RCF * / AS
Sentence is a departure from the sentencing grid. NO.
Offense is a Felony.
Classification of offense: C
Sentence imposed: EIGHT YEARS SUSPENDED IMPOSITION OF SENTENCE TO RUN CONCURRENTLY ON EACH COUNT AND
WITH OFFENSES FIVE, SIX, AND SEVEN AND CONSECUTIVELY WITH THE CONCURRENT SENTENCE IMPOSED ON
OFFENSES ONE AND TWO AND CONSECUTIVELY WITH OFFENSE 3. THIS SENTENCE SHALL ALSO RUN
CONCURRENTLY WITH THE DEFENDANTS SENTENCE IN BOONE COUNTY CR NO 2007-19-3.
Suspended imposition of sentence: EIGHT YEARS TO BEGIN UPON THE DEFENDANTS RELEASE FROM INCARCERATION.
Defendant was sentenced as an Habitual Offender under A.C.A. 5-4-501, Subsection ___(a) ___(b) ___©) ___(d). N/A
Sentence was enhanced by A.C.A. _____. N/A
Defendant ___attempted ___solicited ___conspired to commit the offense. N/A
Offense date: AUGUST, 2005 THROUGH JANUARY, 2007.
Number of counts: THREE
Defendant was on ___probation ___parole at time of conviction. N/A
Commitment on this offense is a result of the revocation of Defendant's probation or suspended imposition of sentence. NO.
Victim of the offense was over the age of 18 years. YES
Defendant voluntarily, intelligently, and knowingly entered a negotiated plea of guilty or nolo contendere. YES
Defendant was found guilty of said charge(s) by the court, and sentenced by the court. YES

---

Offense # FIVE                                         Docket #: 2007-18-3
A.C.A. # of Offense: 5-36-103                          Arrest Tracking #: N/A
Name of Offense: ATTEMPTED THEFT BY DECEPTION
Seriousness Level of Offense: 4
Criminal History Score: 0
Presumptive Sentence: RCF * / AS
Sentence is a departure from the sentencing grid. NO.
Offense is a Felony.
Classification of offense: C
Sentence imposed: EIGHT YEARS SUSPENDED IMPOSITION OF SENTENCE TO RUN CONCURRENTLY WITH OFFENSES FOUR,
SIX, AND SEVEN AND CONSECUTIVELY WITH THE CONCURRENT SENTENCE IMPOSED ON OFFENSES ONE AND TWO
AND CONSECUTIVELY WITH OFFENSE 3. THIS SENTENCE SHALL ALSO RUN CONCURRENTLY WITH THE DEFENDANTS
SENTENCE IN BOONE COUNTY CR NO 2007-19-3.
Suspended imposition of sentence: EIGHT YEARS TO BEGIN UPON THE DEFENDANTS RELEASE FROM INCARCERATION.
Defendant was sentenced as an Habitual Offender under A.C.A. 5-4-501, Subsection ___(a) ___(b) ___©) ___(d). N/A
Sentence was enhanced by A.C.A. _____. N/A
Defendant ___attempted ___solicited ___conspired to commit the offense. N/A
Offense date: AUGUST, 2005 THROUGH JANUARY, 2007.
Number of counts: ONE
Defendant was on ___probation ___parole at time of conviction. N/A
Commitment on this offense is a result of the revocation of Defendant's probation or suspended imposition of sentence. NO.
Victim of the offense was over the age of 18 years. YES
Defendant voluntarily, intelligently, and knowingly entered a negotiated plea of guilty. YES
Defendant was found guilty of said charge(s) by the court, and sentenced by the court. YES

Pg 3
18

Defendant's full name: SHANA MARIE JENSEN a.k.a. SHANA MARIE STRUBLE
2007-18-3

Offense # SIX
A.C.A. # of Offense: 5-37-207
Name of Offense: FRAUDULENT USE OF A CREDIT CARD
Seriousness Level of Offense: 3
Criminal History Score: 0
Presumptive Sentence: RCF * / AS
Sentence is a departure from the sentencing grid. NO.
Offense is a Felony.
Classification of offense:  C

Docket #: 2007-18-3
Arrest Tracking #: N/A

Sentence imposed: EIGHT YEARS SUSPENDED IMPOSITION OF SENTENCE TO RUN CONCURRENTLY ON EACH COUNT AND WITH OFFENSES FOUR, FIVE, AND SEVEN AND CONSECUTIVELY WITH THE CONCURRENT SENTENCE IMPOSED ON OFFENSES ONE AND TWO AND CONSECUTIVELY WITH OFFENSE 3.   THIS SENTENCE SHALL ALSO RUN CONCURRENTLY WITH THE DEFENDANTS SENTENCE IN BOONE COUNTY CR NO 2007-19-3.
Suspended imposition of sentence:  EIGHT YEARS TO BEGIN UPON THE DEFENDANTS RELEASE FROM INCARCERATION.
Defendant was sentenced as an Habitual Offender under A.C.A. 5-4-501, Subsection ___(a) ___(b) ___©) ___(d). N/A
Sentence was enhanced by A.C.A. _____, N/A
Defendant ___attempted ___solicited ___conspired to commit the offense. N/A
Offense date: AUGUST, 2005 THROUGH JANUARY, 2007.
Number of counts: EIGHT
Defendant was on ___probation ___parole at time of conviction. N/A
Commitment on this offense is a result of the revocation of Defendant's probation or suspended imposition of sentence. NO.
Victim of the offense was over the age of 18 years. YES
Defendant voluntarily, intelligently, and knowingly entered a negotiated plea of guilty.  YES
Defendant was found guilty of said charge(s) by the court, and sentenced by the court.  YES

---

Offense # SEVEN
A.C.A. # of Offense: 5-37-201
Name of Offense: FORGERY
Seriousness Level of Offense: 3
Criminal History Score: 0
Presumptive Sentence: RCF * / AS
Sentence is a departure from the sentencing grid. NO.
Offense is a Felony.
Classification of offense:  C

Docket #: 2007-18-3
Arrest Tracking #: N/A

Sentence imposed: EIGHT YEARS SUSPENDED IMPOSITION OF SENTENCE TO RUN CONCURRENTLY ON EACH COUNT AND WITH OFFENSES FOUR, FIVE, AND SIX AND CONSECUTIVELY WITH THE CONCURRENT SENTENCE IMPOSED ON OFFENSES ONE AND TWO AND CONSECUTIVELY WITH OFFENSE 3.   THIS SENTENCE SHALL ALSO RUN CONCURRENTLY WITH THE DEFENDANTS SENTENCE IN BOONE COUNTY CR NO 2007-19-3.
Suspended imposition of sentence:  EIGHT YEARS TO BEGIN UPON THE DEFENDANTS RELEASE FROM INCARCERATION.
Defendant was sentenced as an Habitual Offender under A.C.A. 5-4-501, Subsection ___(a) ___(b) ___©) ___(d). N/A
Sentence was enhanced by A.C.A. _____, N/A
Defendant ___attempted ___solicited ___conspired to commit the offense. N/A
Offense date: AUGUST, 2005 THROUGH JANUARY, 2007.
Number of counts: THREE
Defendant was on ___probation ___parole at time of conviction. N/A
Commitment on this offense is a result of the revocation of Defendant's probation or suspended imposition of sentence. NO.
Victim of the offense was over the age of 18 years. YES
Defendant voluntarily, intelligently, and knowingly entered a negotiated plea of guilty.  YES
Defendant was found guilty of said charge(s) by the court, and sentenced by the court.  YES

---

THE DEFENDANT SHALL HAVE NO CONTACT WITH THE VICTIMS IN THIS CASE.

THE DEFENDANT SHALL NOT, IN THE COURSE OF ANY EMPLOYMENT, HOLD A POSITION OF TRUST OR AUTHORITY OVER EMPLOYER FUNDS.

---

Defendant's full name: SHANA MARIE JENSEN a.k.a. SHANA MARIE STRUBLE
2007-18-3

Indicate which sentences are to run consecutively: THE CONCURRENT SENTENCE IN OFFENSES 1 AND 2 ARE TO RUN
CONSECUTIVELY WITH OFFENSE 3 AND CONSECUTIVELY WITH THE CONCURRENT SENTENCE IMPOSED ON OFFENSES
4, 5, 6, AND 7.
Death Penalty:  NO   Execution Date: NO
Total time to serve on all offenses listed above: TWELVE YEARS.
Time is to be served at: The Arkansas Department of Correction.
Jail time credit: 123 days.

The Defendant was convicted of a target offense under the Community Punishment Act. The Court hereby orders that the Defendant be
judicially transferred to the Department of Community Punishment (D.C.P.).  NO
    Failure to meet the criteria or violation of the rules of the D.C.P. could result in transfer to the A.D.O.C.

Fines $  N/A          Court Costs $150.00          Warrant Service Fee $50.00 - City
        Mandatory DNA Fee $250.00          Sex Offender Registration Fee $   N/A          Pay For Stay$ N/A

A judgment of restitution is hereby entered against the Defendant in the amount and terms as shown below:
Amount $324,915.14
Installments of a minimum of $1,000.00 (ONE THOUSAND DOLLARS) per month beginning within 60 days from release of
incarceration.
TO RUN CONSECUTIVELY WITH THE DEFENDANTS PAYMENT IN BOONE COUNTY CR 2007-19-3 FOR A TOTAL
PAYMENT PER MONTH IN BOTH CASES TO BE A MINIMUM OF $1,075.00. ANYTHING PAID OVER $1,075.00 PER
MONTH SHALL BE PAID TO BOONE COUNTY CR NO 2007-18-3.
Payment to be made to: BOONE County Sheriff's Office
If multiple beneficiaries, give names and show payment priority:

JEFF & PATTI LAUR                USAA FEDERAL SAVINGS BANK
6 HAWTHORNE CV                   10750 MCDERMOTT FREEWAY
HARRISON AR 72601               SAN ANTONIO TX 78288-9876
$303,516.42                      $21,398.72

Defendant is a Sex or Child Offender as defined in A.C.A. 12-12-903, and is ordered to complete the Sex Offender Registration Form:  NO.
Defendant is alleged to be a Sexually Violent Predator, and is ordered to undergo an evaluation at a facility designated by the Department of
Correction pursuant to A.C.A. 12-12-918:  NO.
Defendant has committed an aggravated sex offense, as defined in A.C.A. 12-12-903.  NO.
Defendant was adjudicated guilty of a felony offense, a misdemeanor sexual offense, or a repeat offense (as defined in A.C.A. 12-12-1103),
and is ordered to have a DNA sample drawn at: the A.D.O.C. : YES

Defendant was informed of the right to appeal: NO.
Appeal Bond: $ N/A
The County Sheriff is hereby ordered to transport the Defendant to the Arkansas Department of Correction.  YES
The short report of circumstances attached hereto is approved. N/A

Prosecutor's Approval: _____
/db/ 05-18-07

Date: 6-1-07
            Circuit Judge: Robert McCorkindale II          Signature: _____

I certify this is a true and correct record of this Court.

Date: _____ Circuit Clerk / Deputy: Jawnie Steen

(Seal)

Page  5  of  5          Pg 5 of 13

Defendant's full name: SHANA MARIE JENSEN a.k.a. SHANA MARIE STRUBLE
2007-18-3

## PROSECUTOR'S REPORT
BOONE COUNTY CR NO. 2007-18-3

Name: SHANA MARIE JENSEN a.k.a. SHANA MARIE STRUBLE

DOB: 07-10-1970

Charges the defendant has been convicted of:
THEFT OF PROPERTY, 3 COUNTS, 5-36-103, CLASS B FELONY
THEFT BY DECEPTION, 4 COUNTS, 5-36-103, CLASS B FELONY
FINANCIAL IDENTITY FRAUD, 3 COUNTS, 5-37-227, CLASS C FELONY
ATTEMPTED THEFT BY DECEPTION, 5-36-103, CLASS C FELONY
FRAUDULENT USE OF A CREDIT CARD, 8 COUNTS, 5-37-207, CLASS C FELONY
FORGERY, 2ND DEGREE, 3 COUNTS, 5-37-201, CLASS C FELONY

Date of offense(s): AUGUST 2005 THROUGH JANUARY 2007

Summary of crime, (including aggravating or mitigating factors):
THE DEFENDANT TOOK OVER $300,000.00 FROM HER EMPLOYER BY VARIOUS MEANS OVER A PERIOD OF 18 MONTHS. SHE
ASSUMED THE IDENTITY OF HER EMPLOYER'S WIFE AND SON AND PURCHASED ITEMS WITH THE FUNDS SHE TOOK FROM
HER EMPLOYER'S VARIOUS ACCOUNTS.

WEAPON INVOLVED: NO

Injury to Victim: NO

Is the Victim a Minor? NO                   AGE: 59

Relationship of Inmate to Victim: NO

Victim Notification Request: YES

NAME AND ADDRESS OF VICTIM(S):
JEFF & PATTI LAUR
6 HAWTHORNE CV
HARRISON AR 72601

Phone number of the victim has been requested to not be released.

WES BRADFORD, Prosecuting Attorney
Fourteenth Judicial District

Page ___1___ of ___1___

A

ARKANSAS
SENTENCING
COMMISSION

# DEPARTURE REPORT

Offender Name(Last, First, Middle)

Shana Marie Jensen   5-18-07

County # Boone

Name of Judge
Robert McCorkindale

Date of Report

Circuit Court Case #
2007-18-3

## REASON FOR DEPARTURE:

Reference should be made to the complete text of departure criteria found at A.C.A. 16-90-and (d).
Please Circle Appropriate Number. At least one departure criteria must be designated to be complete.

### A. Mitigating Factors:

1. Victim played an aggressive role or provoked the incident or was a willing participant.
2. Offender lacked capacity of judgement due to mental or physical impairment.
3. Offender played a minor or passive role in the crime.
4. Offender compensated or made effort to compensate for any damage or injury before detection.
5. Offender was lesser participant showing caution or concern for safety or well-being of victim.
6. Offender acted in response to continuing physical or sexual abuse by victim.
7. Policy on multiple offenses in a single course of conduct in offender's prior criminal history results in a sentence which is excessive for this particular offense.
8. Offender has voluntarily admitted sexual offense and sought treatment before detection.
9. Offender has made effort to provide assistance in investigation or prosecution of another as so indicated by motion by the State. Following circumstances may be weighed in mitigation:
   a. Timeliness of assistance
   b. Nature and extent of assistance
   c. Truthfulness, completeness and demonstrable reliability of information or testimony
10. Other (attach extra sheet if necessary)

### B. Aggravating Factors:

1. Offender's conduct manifested extreme cruelty during commission of current offense.
2. Offender knew victim vulnerable due to extreme youth, advanced age, disability or ill health.
3. Offense was major economic offense established by one of the following criteria:
   a. Multiple victims or incidents; b. Monetary loss substantially greater than typical;
   c. Degree of sophistication or time; d. Misuse of fiduciary duty; e. Other similar conduct
4. Offense was major controlled substance offense if two or more of the following are present:
   a. Three or more separate transactions involve sale, tranfer or possession with intent;
   b. Amounts substantially larger than the statutory minimums which define the offense;
   c. Offense involved a high degree of planning or lengthy period or broad geographic area;
   d. Offender occupied a high position in the drug distribution hierarchy;
   e. Offender misused position of trust or status or fiduciary duty to facilitate commission;
   f. Offender has received substantial income or resources from drug trafficking.
5. Offender employed firearm in furtherance or flight unless such use is element of offense.
6. Offense was sexual offense and part of pattern with the same or different victims under eighteen.
7. Policy on multiple offenses in a single course of conduct in offender's prior criminal history results in a sentence that is clearly too lenient.
8. Offense was committed in manner that exposed risk of injury to others.
9. Offense was a violent or sexual offense.
10. Offender attempted to cover offense by intimidation of witnesses, tampering of evidence, or misleading authorities.
11. Offense committed to avoid arrest or effect escape.
12. Offender lacks minimum insurance in a vehicular homicide.
13. Statutory minimum sentence overrides the presumptive sentence.
14. Multiple concurrent sentences being entered at this time require a higher sentence.
15. Sentence is higher as a result of other charges being dropped or merged.
16. Other (attach extra sheet if necessary)

Court File

Judge's Signature

___ AR Dept of Corrections
       ___ AR Sentencing Commission
___ Prosecutor
       ___ Defense Attorney

Pg 7
of 10

A

BOONE COUNTY CASE NO. 2007-18
SHANA MARIE JENSEN a.k.a.
SHANA MARIE STRUBLE

### PLEA STATEMENT

There are presently criminal charges against you in BOONE County Circuit Court. Before you make a plea to the charges against you in front of the judge, you must be sure that you understand your rights, the charges against you and their penalties. The Judge must be sure that you understand the following:

1.     That you are charged with the following offenses:

THEFT OF PROPERTY, (3 COUNTS), 5-36-103, CLASS B FELONY;
THEFT BY DECEPTION, (4 COUNTS), 5-36-103, CLASS B FELONY;
FINANCIAL IDENTITY FRAUD, (3 COUNTS), 5-37-227, CLASS C FELONY;
ATTEMPTED THEFT BY DECEPTION, 5-36-103, CLASS C FELONY;
FRAUDULENT USE OF A CREDIT CARD, (8 COUNTS), 5-37-207, CLASS C FELONY; and
FORGERY, 2ND DEGREE, (3 COUNTS), CLASS C FELONY.

If you are convicted, you may be imprisoned in the Arkansas Department of Corrections or the BOONE County Jail.

2.     That you have the right to plead not guilty, to be tried by a jury, to confront your accusers and to testify or not. If you so plead, the State would have the burden of proving your guilt beyond a reasonable doubt. If you are found guilty by the jury, they will set your sentence and you will have the right to appeal to a higher court.

However, if you are guilty and desire to plead guilty, the Judge, upon accepting your plea of guilty, will decide what your sentence should be. If you decide to plead guilty, the Judge can only accept your plea if you understand and convince him that you understand the following:

1.     Do you understand that you are charged with the following offenses of:

THEFT OF PROPERTY, (3 COUNTS), 5-36-103, CLASS B FELONY;
THEFT BY DECEPTION, (4 COUNTS), 5-36-103, CLASS B FELONY;
FINANCIAL IDENTITY FRAUD, (3 COUNTS), 5-37-227, CLASS C FELONY;
ATTEMPTED THEFT BY DECEPTION, 5-36-103, CLASS C FELONY;
FRAUDULENT USE OF A CREDIT CARD, (8 COUNTS), 5-37-207, CLASS C FELONY; and
FORGERY, 2ND DEGREE, (3 COUNTS), CLASS C FELONY? _yes_

2.     Do you understand that the possible penalties provided by law on the charges against you shall be not less than five years nor more than twenty years and/or a fine of up to $15,000 for each class B felony; and not less than three years nor more than ten years and/or a fine of up to $10,000 for each class C felony? _yes_

3.     Do you understand that by pleading guilty you give up your right to be tried by a jury and to confront your accusers in court? _yes_

4.     Do you understand that by pleading guilty you give up your right to an appeal? _yes_

5.     Are you pleading guilty freely and voluntarily and not because you have been threatened or promised anything in return for the plea? _yes_

6.     Do you understand that the Prosecuting Attorney and your attorney have agreed to recommend a particular sentence if you plead? _yes_

(Page 1 of 2)

The agreement is that the defendant shall plead guilty as charged and receive a sentence of 12 years in the Arkansas Department of Correction on all 3 counts of Theft of Property plus 3 counts of Theft by Deception, to run concurrently with one another. On the 4th count of Theft by Deception, the defendant shall receive a Suspended Imposition of Sentence for a period of 20 years. On the remaining counts, the defendant shall receive a Suspended Imposition of Sentence for a period of 8 years. The 20-year Suspended Imposition of Sentence shall run consecutively with the 8-year Suspended Imposition of Sentence for a total Suspended Imposition of Sentence of twenty-eight (28) years. The 28-year Suspended Imposition of Sentence shall run consecutively with the 12-year ADC sentence, for a final sentence of 12 years in the Arkansas Department of Correction followed by a 28-year Suspended Imposition of Sentence. This sentence shall run concurrently with the defendant's sentence in Boone County No. CR 2007-19.

As a condition of the defendant's parole and suspended sentences, the defendant shall have no contact with the victims in this case, shall not in the course of any employment hold a position of trust of authority over employer funds, and shall pay Court Costs of $150.00, a Warrant Service Fee of $50.00, a mandatory DNA Fee of $250.00, and Restitution in the amount of $324,915.14. The monetary obligations shall be paid at a rate of not less than $1,000.00 per month beginning 60 days after release from incarceration.

7.   Do you accept this agreement?  _yes_

8.   Have you discussed your case fully with your attorney and are you satisfied with his services and advice?  _yes_

I have personally read everything on this plea statement and have answered each question. I fully understand my rights and I am voluntarily pleading guilty because I am guilty of the charges against me.

_Shana M H Gaiwan_
DEFENDANT

I have fully gone over the charges, penalties and the rights of my client in this particular matter. In my judgment, the defendant understands each and every element and is freely and voluntarily entering his plea of guilty.

_5-15-07_
DATE

_[signature]_  Bar # 90010
ATTORNEY FOR THE DEFENDANT

Pg 9 of 13

# IN THE CIRCUIT COURT OF BOONE COUNTY, ARKANSAS

STATE OF ARKANSAS                                                   PLAINTIFF

VS.                              .        NO. CR 2007-18

SHANA MARIE JENSEN a.k.a.
SHANA MARIE STRUBLE                                             DEFENDANT

## CONDITIONS OF SUSPENDED SENTENCE

Now on this _____ day of _____, 2007, the defendant having been represented by Mark Cash, and having entered a plea of guilty in the above styled action, and the Court having suspended imposition of sentence for a period of twenty-eight (28) years for the offense(s) of:

THEFT BY DECEPTION, (1 COUNT), 5-36-103, CLASS B FELONY;
FINANCIAL IDENTITY FRAUD, (3 COUNTS), 5-37-227, CLASS C FELONY;
ATTEMPTED THEFT BY DECEPTION, 5-36-103, CLASS C FELONY;
FRAUDULENT USE OF A CREDIT CARD, (8 COUNTS), 5-37-207, CLASS C FELONY; and
FORGERY, 2ND DEGREE, (3 COUNTS), CLASS C FELONY,

and will be subject to the following Conditions:

Pursuant to the authority granted this Court;

IT IS HEREBY ORDERED that the following conditions of said suspended sentence or probation are imposed upon the defendant.

1. You must not commit a criminal offense punishable by imprisonment.

2. You must not drink or possess intoxicating or alcoholic beverages, or be present in any establishment where its main source of income is derived from the sale of such beverages.

3. You must not use, sell, distribute, or possess any controlled substance, or associate with any person who is participating in or is known to participate in the illegal use, sale, distribution or possession of controlled substances, or be present in places where such persons congregate. You may use or possess controlled substances pursuant to a legitimate prescription from a physician. You must be able to present proof of your prescription and provide physician's name as requested. You must submit to random testing for the use of illegal substances or intoxicants. Testing may be of your breath, blood or urine. You must pay for the expense of such testing.

4. You must not associate with persons who have been convicted of felonies or persons who are engaged in criminal activity.

5. You must not purchase, own, control or possess any firearm or other prohibited deadly

page 1 of 12

weapon at any time, or be in the company of any person possessing the same.

6. You must be gainfully employed or enrolled as a student at all times, pay your share of household expenses, support your legal dependents and pay all court ordered child support.

7. You agree to waive extradition from any jurisdiction in or outside the United States of America and to not contest any effort to return you to the State of Arkansas.

8. You must pay **restitution** to the victim(s) listed below, through the BOONE County Sheriff Office, in the total amount of $324,915.14, in regular payments of not less than $1,000.00 per month beginning sixty (60) days after release from incarceration and on the same day of each month thereafter until paid in full.

      Victim(s): Jeff and Patti Laur

9. You must pay the **costs and/or fine(s)** listed below to the BOONE County Sheriff Office, in the total amount of **$450.00**, in total regular monthly payments with the restitution listed above, of not less than $0.00 per month beginning sixty (60) days after release from incarceration and on the same day of each month thereafter until paid in full.

| | | |
|---|---|---|
| Court Costs | $ | 150.00 |
| Fine | $ | N/A |
| Warrant Service Fee | $ | 50.00 |
| Other | $ | 250.00 – DNA Fee |

10. You must comply with the special conditions imposed by the court.

## SPECIAL CONDITIONS

1. The defendant shall have no contact with the victims in this case.

2.

3.

11. If the Court revokes your suspended sentence for your violating a condition, it may enter a judgment of conviction and impose on you a sentence of one hundred and seventy (170) years.

CHECK IF APPLICABLE:

_____ 12. HOT CHECK CASES: Defendant accepts and agrees that any other hot checks written prior to the date of his / her judgment, shall be added to the restitution amount due and payable without further notice or proceedings.

_____ 13. DRUG COURT CASES:

_____ You must pay by money order a **Drug Court Fee** of $600.00 in increments of $25.00 per month to the Department of Community Punishment.

_____ You must satisfactorily participate in the Fourteenth Judicial District Drug Court Program. Assignment to the Fourteenth Judicial District Drug Court is a privilege not a right. All decisions regarding imposition of sanctions, awarding of incentives and removal from the program shall be made by the Fourteenth Judicial District Drug Court Judge. This decision shall be based on input from the Drug Court Probation Officer, the Drug Court Counselor, and from any other source the Judge deems appropriate and shall be final. You will have the opportunity to give information to the Judge regarding his decisions that affect you.

### ACKNOWLEDGMENT

I hereby certify that I have read, understand and will comply with the terms and conditions of my suspended sentence or probation. I understand that if I violate any of the conditions set out in this agreement, the court can revoke my suspended sentence or probation, enter a judgment of conviction and impose any sentence on me that it might have imposed originally for the offense for which I was found guilty.

I hereby consent to search and seizure of my person, residence, or other property at any time, day or night, with or without a search warrant, by any supervising officer or other law enforcement officer acting under the direction of any supervising officer.

5/18/07
DATED

_____
DEFENDANT

_____
DATED

_____
CIRCUIT JUDGE

/wb

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

American Express
4315 S. 2700 St.
Lake City UT 84189

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Carl Shahbaz_   ☐ Agent   ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)   7005 1820 0001 9771 4732

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

American Express
P.O. Box 9815550
El Paso, TX 79998

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X DATAMARK   ☐ Agent   ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

OCT 07 2007

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)   7005 1820 0001 9771 4695

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

Exhibit B

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature
X _Ronnie Sinclair_   ☐ Agent   ☐ Addressee

B. Received by ( Printed Name )   **Ronnie Sinclair**   NOV 2 6 2007
C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

1. Article Addressed to:

American Express
P.O. Box 29 78 71
Ft. Lauderdale, FL 33329-7871

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.
4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)   7006 0100 0000 6910 5410

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

---

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature
X _Ronnie Sinclair_   ☐ Agent   ☐ Addressee

B. Received by ( Printed Name )   **Ronnie Sinclair**   DEC 1 7 2007
C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

1. Article Addressed to:

P. Hopkins
American Express
P O Box 297862
Fort Lauderdale, FL
33329-7862

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.
4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)   7006 0100 0000 6915 9444

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540



American Express
Credit Bureau Unit
PO Box 981537
El Paso, TX 79998



Jeffery S Laur
PO Drawer 3883
19 East Dickson Street
Fayetteville, AR 72702

December 10, 2007

lli..l..l.lI..ll.ll..,.l.l.l.ll.l.l.l.l.l..ll.l.l..ll.l.l.l.l

Customer Reference Number (s):   451348615014302431

Social Security Number: XXX-XX-5214

Dear Jeffery S Laur,

This is to respond to your recent inquiry regarding reporting of your American Express credit history under the above customer reference number (s).  We utilize the number (s) when furnishing information to credit reporting agencies about your American Express account, which we show only the last 5 digits below:

    XXXX-XXXXXX-42004

Our records indicate that the account reported under the customer reference number (s) was canceled as a result of a severe delinquency.  An unsatisfactory experience was released to the credit reporting agencies listed below.  This unsatisfactory status will remain on your credit report.

If we can be of further assistance, please write to us at the above listed address.

Sincerely,

*J. Hamilton*

J. Hamilton
Credit Bureau Unit
American Express

| TRANS UNION | EQUIFAX | EXPERIAN | D&B |
|---|---|---|---|
| CONSUMER | CREDIT INFO | P.O. Box 2002 | 899 Eaton Avenue |
| RELATIONS | PO Box 740241 | Allen, TX  75013 | Bethlehem, PA 18025 |
| P.O. Box 1000 | Atlanta, GA 30374 | 1-888 EXPERIAN (1 888 397 3742) | 800-234-3867 |
| Chester, PA 19022 | 800 685 1111 | www.experian.com/reportaccess | **(For OSBN Accounts** |
| 800-888-4213 | | | **Only)** |
| www.transunion.com | | | |